TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KATHRYNNE N. SEIDEN (Cal. Bar No. 310902)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0631
     Facsimile: (213) 894-0141
     E-mail:    kathrynne.seiden@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-00451-DMG |
|---|---|
| Plaintiff, | MEMORANDUM IN AID OF DEFENDANT KAMIRON BRADLEY'S RULE 11 PLEA |
| v. | |
| KAMIRON BRADLEY ET AL., | Hearing Date: 9/1/2021 |
| Defendants. | Hearing Time: 11:00 a.m. |

Plaintiff United States of America, by and through its attorneys of record, the United States Attorney's Office for the Central District of California and Assistant United States Attorney Kathrynne N. Seiden, and defendant KAMIRON BRADLEY ("defendant"), by and through his counsel of record, Peter Swarth, hereby jointly submit this memorandum in aid of defendant's Rule 11 plea.

GUILTY PLEA

1.   The government expects that defendant will plead guilty to counts one and five of the indictment in United States v. Bradley et al., No. CR 20-00451-DMG, which charges defendant with conspiracy to

commit bank fraud, in violation of 18 U.S.C. § 1349, and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).

### NATURE OF THE OFFENSE

2. In order for defendant to be guilty of the crime charged in count one, that is, conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, the following must be true: (1) there was an agreement between two or more persons to commit bank fraud, in violation of 18 U.S.C. § 1344(1); and (2) defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

   a. The conspiracy to which defendant intends to plead guilty involves an agreement to commit the substantive offense of bank fraud, in violation of 18 U.S.C. § 1344(1). The elements of bank fraud are as follows: (1) defendant knowingly executed a scheme to defraud a financial institution as to a material matter; (2) defendant did so with the intent to defraud the financial institution; and (3) the financial institution was insured by the Federal Deposit Insurance Corporation.

3. In order for defendant to be guilty of the crime charged in count five, that is, aggravated identity theft, in violation of 18 U.S.C. § 1028A, the following must be true: (1) defendant knowingly used or possessed without legal authority a means of identification of another person; (2) defendant knew that the means of identification belonged to a real person; and (3) defendant id so during and in relation to conspiracy to commit bank fraud, as alleged in count one. The government need not establish that the means of identification was stolen.

PENALTIES

4. The statutory maximum sentence that the Court can impose for conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, is: 30 years' imprisonment; a five-year period of supervised release; a fine of $1,000,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

5. The sentence the Court must impose for a violation of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), is: two years' imprisonment; a one-year period of supervised release; a fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. The total maximum sentence for all offenses to which defendant is pleading guilty is: 32 years' imprisonment, a five-year period of supervised release; a fine of $1,250,000, or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

7. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. By pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. If defendant is not a United States citizen, the felony conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Removal and immigration consequences are the subject of a separate proceeding and no one, including defendant's attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

10. The parties jointly propose the following factual basis:

Beginning on an unknown date, but no later than on or about November 29, 2018, in the Los Angeles, Orange, and San Bernardino Counties, within the Central District of California, defendant conspired with others to intentionally defraud various banks in the greater Los Angeles area. Defendant joined the agreement knowing of its object and intending to help accomplish that object.

Specifically, defendant and his co-conspirators executed a scheme to defraud various banks as to the true value of postal money orders in order to deprive the banks of their funds. They did this by purchasing nominal value postal money orders from the United States Postal Service, in amounts ranging from approximately $2.35 to $3.59, as well as higher value money orders ranging from approximately $564.52 to $684.27. The conspirators would then make photocopies of the higher value money orders and affix the amount reflected on the higher value money orders to nominal value postal money orders, thereby fraudulently increasing the value of the nominal value money orders. The conspirators would then deposit the fraudulently altered money orders into the bank accounts of other third party individuals. The conspirators would then use those individuals' means of identification to withdraw money from those accounts, or the individuals would withdraw the money from their own accounts. The withdrawn funds would then be divided between the conspirators and the individual account holders.

On September 18, 2019, a co-defendant purchased money orders of a nominal value from the Del Amo Post Office in Torrance, California, including money order 26220827114, which was purchased for $3.25. On

September 18, 2019, defendant deposited money order 26220827114, which was fraudulently altered from a value of $3.25 to $682.57, into the Bank of America account of A.S. On September 27, 2019, defendant withdrew $700 from the Bank of America account of A.S. At the time defendant withdrew the money from A.S.'s bank account on September 27, 2019, defendant knew that he was using and possessing the means of identification of another person, namely, A.S.'s name and card number, and that A.S. was a real person.

Between 2018 through October 2020, defendant and his coconspirators caused approximately $2.8 million in intended loss and at least $350,656.57 in actual loss to the banks they targeted, including Bank of America, US Bank, and Wells Fargo, which are all federally insured financial institutions.

## SENTENCING FACTORS

11. In determining defendant's sentence, the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). The Sentencing Guidelines are advisory only. Defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range. After considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO have made no agreement as to the applicable Sentencing Guidelines factors, or the applicable specific

1  offense characteristics, adjustments, and departures under the
2  Sentencing Guidelines.

### WAIVER OF CONSTITUTIONAL RIGHTS

13. By pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel – and if necessary have the Court appoint counsel – at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

    d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e. The right to confront and cross-examine witnesses against defendant.

    f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

    g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

//
//
//

      h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

Dated: 3/7/2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

      /s/
KATHRYNNE N. SEIDEN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

3/3/2022

PETER SWARTH

Attorney for Defendant
KAMIRON BRADLEY